## VOLUNTARY ASSOCIATIONS OF BUSINESS CONCERNS.

[Circuit Court of Summit County.]

J. H. WEBSTER ET AL v. TAPLIN, RICE & CO.*

Decided, September 30, 1904.

*Partnership—Associations of Business Firms Formed for Mutual Pro-
tection—Liability of Members for Dues and Assessments—Ex-
haustion of Remedies within the Association—Forfeiture of Mem-
bership by Failure to Pay Dues.*

1. A voluntary association of business concerns, formed for the pur-
pose of adopting a uniform basis of dealings between the members
thereof and their employes, and the investigation and adjustment
of questions arising between them, is not a partnership.
2. Benefits to be received from the membership, in an association of
business concerns for adjustment of difficulties between members
and their employes, are sufficient consideration for an agreement
to pay dues and other sums required by the constitution.
3. In an action for dues and assessments due a beneficial organization,
the objection that all the remedies within the organization have
not been exhausted, should be raised by answer and not by
demurrer.
4. Membership in such an association does not cease from the mere
non-payment of dues, so as to relieve a member from the liability
therefor.

This action was originally brought in the Common Pleas Court
of Summit County, Ohio, by the district committee for the
fourth district, to recover, on behalf of the National Founders'
Association, dues and assessments, quarterly and special, and
the equity in the reserve fund, amounting to a little over $1,000.

Taplin, Rice & Company had joined the association in the
early part of 1900, signing the usual application form and
reporting on May 1 the number of molders and others employes
in their employment. They paid the quarterly dues up to the
first of October, 1900, but had never paid any other dues or

*Affirmed by the Supreme Court without report, April 9, 1907 (76
Ohio State,———)

any other regular or special assessments, nor had they ever paid their equity for the reserve fund.

The defendant filed a demurrer on the ground that the petition did not constitute a cause of action, and raised two points:

First.   That the association is a partnership and can not sue one of its members at law.

Second.   That the agreement of the members to pay dues, assessments, etc., was without legal consideration.

The trial court sustained the demurrer and the association took the case to the circuit court, the opinion of which court, delivered by Winch, J., on the 30th day of September, 1904, was as follows:

WINCH, J.; HALE, J., and MARVIN, J., concur.

Error to the court of common pleas.

The only error complained of in this case is the sustaining of a general demurrer to the amended petition.   It is set forth in the plaintiff's petition that plaintiffs, defendant and over five hundred others are members of the National Founders' Association, which is a voluntary association formed for the purpose of adopting a uniform basis of just and equitable dealings between the members of said association and their employes, and not for the purpose of business adventure, trade or profit, whereby the interests of both may be properly protected, and the investigation and adjustment by the proper officers of the association of any question arising between the members of said association and their employes.

It is further stated that the action is brought by plaintiffs in membership in the association, which application was duly received, and that defendant was elected and became a member of the association, and promised to pay it, or its duly authorized officers, all dues, assessments, quarterly or special, and other amounts payable by reason of the action of said association.

The petition further sets forth articles of the constitution of the association providing for the payment of dues, assessments, a reserve fund based on the proportion of molders employed by the member, initiation fees and special assessments, the several

amounts due and payable in accordance with said articles, demand therefor, and refusal of defendant to pay.

It is further stated that the action is brought by plaintiff in their own names, being duly authorized by the association to do so, and that the suit is brought in behalf of the association and all its members.

The objection to the sufficiency of the petition is based upon two propositions, the first of which is that the plaintiffs' association is in law a partnership, and as such, can not sue one of its members.

Definitions of partnership found in the text-books and adjudicated cases uniformly include the characteristic of a sharing in profits. Parsons, in his work on Partnership, 2d Edition, page 69, says:

"A community of interest in the profits is essential to a partnership."

Voluntary associations with many members may be organized for the purpose of sharing in the profits of some venture, or they may be organized without such purpose.

The following is to be found in Lindley on Partnership, Vol. 1, page 50:

"No partnership or *quasi* partnership subsists between persons who do not share either profit or loss and do not hold themselves out as partners.

"Societies and clubs, the object of which is not to share profits are not partnerships."

It appearing affirmatively from the petition that the National Founders' Association is not organized for the purpose of business adventure, trade, or profit, the objection that it is a partnership is not well taken.

The second objection to the sufficiency of the petition is that, even if the association is not a partnership, there is no consideration shown for the promise to pay the assessments and other charges.

We think the benefits to be received from membership in the association are sufficient consideration for the agreement to pay the dues and other sums required by the constitution.

Quoting from the case of *Palmetto Lodge* v. *Hubbell,* 49 Am. Dec., 604:

"Conceding that the liability of the defendant depends on contract, requiring a consideration, the consideration of his undertaking to support the constitution and by-laws, and pay all legal demands, was that he should be admitted a member of the lodge and possess the rights and capacity of a corporator."

The suggestion that the remedies within the organization for the collection of these payments have not yet been exhausted, and that an action can not be maintained until they have been, we think should be made by answer, and it is not necessarily raised by demurrer. The demurrer should have been overruled, and for error in sustaining it the judgment is reversed.

The case then went back to the trial court, where the defendant filed an answer, setting up Section 8 of Article IV of the by-laws of the association, which provides that: "The secretary shall notify the members of all dues or assessments as they become payable, and if the same are not paid to the treasurer, within thirty days from the date of such notice, the treasurer shall make draft for such unpaid dues, and any member failing to honor such draft shall cease to be a member of this association," etc., and claiming that, by the refusal of the defendant to pay dues after October 1, 1900, it had ceased to be a member of the association.

The plaintiffs filed a reply in which they denied that Section 8 of Article IV applied to this case; denied that any draft had been issued, and set up Article XV, Section 1 and Section 2, and Article XVI, Section 1, which provide that:

"No member shall be relieved or absolved from the duties, obligations, requirements and agreements connected with his membership in this association, unless he shall have given four weeks' notice in writing to the secretary of his intention to resign from the said membership, whereupon said resignation may be accepted by the sanction of the committee of his district, at the expiration of the notice, provided that such member

shall not be in arrears for any dues or assessments, and shall pay any expenses for assessments incurred prior to his resignation, that may be made upon member at or before the next annual meeting of the association.''

Also that: ''No member shall resign during the existence of a strike.''

And also:

''Should any member refuse or fail to comply * * * with the obligations of membership of this association, the president shall have power to suspend his membership until the next annual or special meeting of the association, when in case of continued contumacy he may be expelled by a two-thirds vote of the members present.''

The reply also set up that the defendant never notified the secretary or the association in writing, of its intention to resign, never did resign, and that at all times the defendant had been in arrears for assessments and dues.

The case was tried to a jury and the trial court instructed the jury that, under Article IV, Section 8, Article XV, Sections 1 and 2, and Article XVI, Section 1, there were only two methods of terminating membership in the association. One was by resignation, the member having complied with the requirements of Article XV, Sections 1 and 2; the other by expulsion, as provided by Article XVI, Section 1, and that Article IV, Section 8, merely gave the association the right to expel a member.

The jury found a verdict in favor of the plaintiffs, and defendant took the case to the circuit court, the opinion of which court, rendered September 30, 1905, by Henry, J., is as follows:

Plaintiff in error operates a foundry in this city and was a member of a certain foundrymens' association, of which de-

fendants in error are also members. Judgment was recovered against the former for arrears of dues to said association. Its defense was that under the rules of the association it ceased to be a member when it failed to pay its dues, and was thus relieved of liability therefor. There are other provisions of the rules relating to resignation and expulsion of members. But it is admitted that the plaintiff in error's membership has not been discontinued under either of these sections. Literally, there is some color for the contention that there was a third method of terminating membership, but, reading all the rules together, we think the court below was clearly right in holding otherwise, and the judgment is affirmed.

*Stuart & Stuart,* for plaintiffs in error.

*Squire, Sanders & Dempsey, R. F. Denison,* and *Allen, Waters, Young & Andress,* for defendant in error.


